■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. LEO JOSEPH MLECZKO, Defendant.— Plaintiff's motion granted and trial of indictment removed from Supreme Court, Cayuga County to a term of Supreme Court, Ontario County, to commence on November 14, 1962 at 10:00 A.M., and Hon. CHARLES B. BRASSER designated to preside in Supreme Court, Ontario County in all further proceedings under the indictment. Memorandum: Upon the application of the defendant to change the venue of the above proceeding from Chautauqua County to Supreme Court in another county on the ground that a fair trial could not be had in Chautauqua County, this court changed the venue to Cayuga County and assigned Justice CHARLES B. BRASSER to preside at the trial. Thereafter, the defendant appeared before Justice BRASSER and challenged the jury panel on the ground that it was not properly drawn in accordance with article 16 of the Judiciary Law in that it did not represent a proper

cross section of the available jurors. The challenge was sustained and the proceeding was adjourned until November 13, 1962, at Cayuga County. The District Attorney has now moved to change the place of trial from Supreme Court, Cayuga County, to the Supreme Court in some other county "on the ground that a fair and impartial trial cannot be had in the Supreme Court in Cayuga County, where said indictment is now pending." This motion should be granted. Although it does not appear strictly that a fair trial cannot be had in Cayuga County at some future time, it appears that one cannot be had in the reasonably near future. If the proceeding should remain in Cayuga County until a jury could be impaneled in accordance with article 16 of the Judiciary Law, the trial might be long delayed. In our opinion, it is imperative that the matter be tried and concluded in the near future. Not only is the defendant entitled to be tried with reasonable expedition but, if we should fail to grant this motion, a motion might be made to dismiss for failure of prosecution. We consider the expression "fair trial" to mean a trial before a jury impaneled in accordance with said article 16 of the Judiciary Law. For these reasons, upon the adjourned date of November 13, Justice BRASSER should preside and adjourn the trial of the action so that the same may be commenced in Ontario County on the 14th of November, 1962, or as soon thereafter as may be, with Justice BRASSER presiding. This determination is consistent with the grounds urged by defendant upon his motion to move the case from Chautauqua County and with defendant's challenge to the panel.